**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

| | |
|---|---|
| Darlene Calderone | Docket No. |
| Plaintiff | **CV-10 4480** |
| -against- | |
| Mercantile Adjustment Bureau, LLC | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | Unlawful Debt Collection Practices |
_____ X

**TRIAL BY JURY DEMANDED**

SEYBERT, J.

TOMLINSON, M

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because the Defendant left messages on the Plaintiff's answering machine falsely threatening legal action; impersonating an attorney; falsely implying that Defendant is affiliated with Nassau County New York; and failing to give the proper notices required by the Fair Debt Collection Practices Act. (15 USC 1692 et seq)

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3. Defendants actions as alleged herein constitute crimes against the Plaintiff.

4. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Injunctive relief is available pursuant to New York state law. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff, Darlene Calderone, is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

7. Defendant Mercantile Adjustment Bureau, LLC is a New York limited liability company. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendants is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10. The Defendants allege that the Plaintiff owes a consumer debt (the debt) for a consumer credit card. ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products on a consumer credit card. The Plaintiff has never owned or operated a commercial business of any nature.

11. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

12. Within one year preceding the filing of this action, the Defendant telephoned the Plaintiff and left the following messages on the Plaintiff's voice mail:

> -- *Message is intended for Darlene Calderone. This is Amy Deritter calling with Mercantile. I do need to speak to you as soon as this message is received. My office has been retained to contact you in regards to a final review. I do suggest a return call to my office directly. That number is 866-716-1544. My direct extension is 3024.*

> -- *Hi. Message is intended for Darlene Calderone. Ms. Calderone, Amy Deritter calling in regards to identification of your file that is going out to Nassau County. Mam, I do need to speak to you today. It's Friday the 27th and I will be in the office until 4:00pm. I do suggest a return phone call directly. That number is 866-716-*

*1544 the direct extension 3061. Again I do suggest a return phone call directly that number is 866-716-1544 and the direct extension is 3061.*

13. The messages left by the Defendant falsely implied that the Defendant was an attorney.

14. The messages left by the Defendant falsely implied that the Defendant was in some regard affiliated with "Nassau County" in direct violation of 15 USC 1692e(1).

15. The messages left by the Defendant falsely implied that the Defendant intended to bring a legal action against the Plaintiff in Nassau County.

16. The messages left by the Defendant did not identify themselves as a debt collector, in direct violation of 15 USC 1692e(11).

17. The messages left by the Defendant failed to meaningfully identify themselves in direct violation of 15 USC 1692d(6).

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

19. Defendant's actions as described herein violated the following provisions of the FDCPA:

   a. 15 U.S.C Section 1692e;

   b. 15 U.S.C Section 1692e(2)

   c. 15 U.S.C Section 1692e(3)

d. 15 U.S.C Section 1692e(4)

e. 15 U.S.C Section 1692e(5)

f. 15 U.S.C Section 1692e(10)

g. 15 U.S.C. Section 1692e(11)

h. 15 U.S.C Section 1692d;

i. 15 U.S.C Section 1692d(6)

j. 15 U.S.C Section 1692f

k. 15 U.S.C. Section 1692g

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

20. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

21. Defendant was aware that it is illegal under New York State and Federal Law to engage in the conduct described herein. Plaintiff relied upon the protection afforded her under New York and Federal Law. It was foreseeable that Defendant's continuation of their illegal conduct would cause damage to the Plaintiff. Defendant owed the Plaintiff a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

22. Defendant's actions constitute a crime under the New York General Business Law Article 29H. Defendant owed Plaintiff a duty and a special duty to abide by the criminal statutory proscriptions of New York law.

23. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

24. Defendant's actions and omissions as described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendant's actions were willful, malicious, and wanton. Defendant's actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

25. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

26. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST THE CORPORATE DEFENDANT

27. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

28. On information and belief, the Defendant does not properly train or supervise the employees that they use to collect alleged debts. On information and belief, it is the

policy of the corporate Defendant to engage in actions consistent with the Defendant's actions described herein. On information and belief, Defendant hires, trains, supervises and retains employees with a complete disregard of their ability or propensity to abide by federal and state debt collection laws.

29. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

30. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

31. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

32. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

33. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

34. Defendant's conduct as described herein violated various New York State statutes.

35. Defendant's actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

36. Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

37. Defendant's actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

38. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

39. Defendant's' violations of the above referenced statutes proximately caused damage to the Plaintiff.

40. Defendant is liable for negligence per se.

41. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

## IX. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

46. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

47. Defendant's actions as detailed above violate the New York General

Business Law Section 349 et seq. in that:

    A.    The Defendants misrepresented that they were going to sue the Plaintiff in order to coerce the Plaintiff into paying them money.

    B.    The Defendants misrepresented their status by failing to disclose that they were debt collectors.

    C.    The Defendants misrepresented that they were affiliated with Nassau County.

48. On information and belief, Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large in that the Defendant utilizes such deceptive practices to other New York consumers.

49. Plaintiff suffered emotional distress due to the Defendant's actions and omissions, including mental distress; humiliation; loss of time; sleeplessness; and fear of being sued, amongst other injury.

50. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from misrepresenting to New York consumers

- that the Defendant is affiliated with Nassau County;

- that the Defendant is an attorney;

- that the Defendant intends to sue New York consumers; and

- prohibiting the Defendants from communicating with New York consumers about an alleged debt without informing said consumers that the Defendant is a debt collector.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Injunctive relief as described herein;

B. Actual damages;

C. Statutory damages;

D. Nominal damages;

E. Costs and reasonable attorney's fees;

F. Punitive damages;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro